**201978035 - STEWART, BEATRICE vs. METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS A/K/A MET LIFE (Court 152)**

Chronological    Print
History    All
*(non-financial)*

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

↻ Click column headings to sort. Click again to toggle direction.

Print Events

| Date | Description | Order Signed Date | Post Jdgm | Pages | Volume/Page | Filing Attorney | Person Filing |
|------|-------------|-------------------|-----------|-------|-------------|-----------------|---------------|
| 12/11/2019 | ANSWER ORIGINAL PETITION | | | | | CONDER, DENNIS D. | METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS A/K/A MET LIFE |
| 10/24/2019 | ORIGINAL PETITION | | | | | DOGGETT, JEFFREY LYNN | STEWART, BEATRICE |

[WS4]

EXHIBIT A

10/24/2019 4:20 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37937765
By: C Ougrah
Filed: 10/24/2019 4:20 PM

## 2019-78035 √ Court: 152

### CAUSE NO. _____

| | | |
|---|---|---|
| BEATRICE STEWART | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS A/K/A METLIFE, | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL  DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BEATRICE STEWART, Plaintiff herein, and files this Plaintiff's Original Petition complaining of Defendant Metropolitan Lloyds Insurance Company of Texas a/k/a MetLife, and would respectfully show the Court as follows:

### I.

### DISCOVERY LEVEL

Plaintiffs requests a Level 3 discovery plan pursuant to Tex.R.Civ.P. 190.4.

### II.

### JURISDICTION AND VENUE

The Court has jurisdiction over the parties and the subject matter of the case. The amount in controversy exceeds the minimum jurisdictional limits of the Court. Venue is proper in Harris County, Texas since the events or omissions giving rise to Plaintiff's claims occurred in Harris County and the real property which forms the basis of Plaintiff's complaints against Defendant is located in Harris County.

## III.

## PARTIES

Plaintiff is a single woman that resides in Houston, Harris County, Texas and may be contacted through the undersigned counsel of record.

Defendant Metropolitan Lloyds Insurance Company of Texas a/k/a MetLife is a Texas Company doing business in Harris County, Texas and may be served with process by serving its registered agent for service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## IV.

## FACTS

Plaintiff purchased a homeowners insurance policy (# 0771515370) (the "Policy"), issued by Defendant, to insure her residence and belongings located at 158 De Haven Street, Houston, Texas 77029 (the "Property"). Plaintiff paid all premiums on the Policy.

In late December of 2017, Plaintiff was in her home on the Property when she heard a sudden loud noise and felt the home shake and move. Plaintiff then discovered that a portion of the floor and sub-floor structure in the home had collapsed. The collapse also damaged other areas of the home.

Plaintiff filed a claim on the Policy for such damage. On June 5, 2019, despite the fact that the Property was damaged by a sudden collapse, Defendant denied Plaintiff's claim on the Policy. Plaintiff has had to fund repairs to the Property herself along with incurring other related expenses, costs, and losses.

## V.

## CAUSES OF ACTION

### Breach of Contract

Plaintiff incorporates by reference, as if fully set forth herein, all allegations and assertions in the foregoing and succeeding paragraphs.

The Policy was a valid agreement between Plaintiff and Defendant. Plaintiff performed her obligations under the Policy, but Defendant has failed to perform in compliance with its obligations. Therefore, Defendant has breached the provisions of the Policy. Because of such breaches, Plaintiff is entitled to recover the actual damages she has sustained. Additionally, Plaintiff has incurred reasonable and necessary attorney's fees for the prosecution of this suit for which she also seeks recovery.

### Breach of Duty of Good Faith and Fair Dealing

Plaintiff incorporates by reference, as if fully set forth herein, all allegations and assertions in the foregoing and succeeding paragraphs.

Defendant owes Plaintiff a duty of good faith and fair dealing. Defendant engaged in conduct which violated its duty of good faith and fair dealing. Defendant has denied Plaintiff's claim on the Policy even though liability is reasonably clear. Such conduct by Defendant proximately caused damage to Plaintiff for which she now seeks recovery. Additionally, because of Defendant's conduct was fraudulent, malicious, intentional or grossly negligent, Plaintiff seeks recovery of exemplary damages as allowed by Texas law.

**Texas Insurance Code Violations**

Plaintiff incorporates by reference, as if fully set forth herein, all allegations and assertions in the foregoing and succeeding paragraphs.

Defendant engaged in conduct which violates Chapter 541 of the Texas Insurance Code (Tex. Civ. Prac. & Rem Code §541.001 *et seq.*), including but not limited to: 1) engaging in an unfair method of competition or an unfair or deceptive act or practice in the business of insurance; and/or 2) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; and/or 3) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and/or 4) making an untrue statement of material fact; and/or 5) failing to disclose a material fact necessary to make other statements not misleading considering the circumstances; and/or 6) making a material misstatement of law; and/or 7) engaging in conduct that violated §17.46(b) of the Tex. Bus. & Com. Code.

Such conduct by Defendant caused Plaintiff to sustain damages for which she now seeks recovery. Additionally, Plaintiff will show that Defendant acted knowingly. Plaintiff seeks recovery of all damages and relief to which they are entitled under the Texas Insurance Code, including recovery of actual damages, attorney's fees, statutory additional damages, including treble damages, and all other relief the Court determines is proper.

**Violations of the DTPA**

Plaintiff incorporates by reference, as if fully set forth herein, all allegations and assertions in the foregoing and succeeding paragraphs.

Plaintiff was a consumer under the Texas Deceptive Trade Practice & Consumer Protection Act (Tex. Bus. & Com. Code §17.41 *et seq.*) (the "DTPA"). Defendant committed wrongful acts in

violation of the DTPA, which were a producing cause of damages to Plaintiff. These wrongful acts or practices were false, misleading or deceptive in violation of DTPA §§17.46(a) and (b)(5) and (12), constituted unconscionable action or courses of action in violation of DTPA §17.50(a)(3), and violated §17.50(a)(4). Defendant's wrongful conduct was also committed knowingly or intentionally. Plaintiff seeks all statutory remedies and damages allowed by the DTPA, including recovery of economic damages, mental anguish damages, additional statutory damages, including treble damages, attorney's fees, and any other relief which the Court deems proper.

## VI.

## INJURIES AND DAMAGES

Plaintiff incorporates by reference, as if fully set forth herein, all allegations and assertions in the foregoing and succeeding paragraphs.

Plaintiff has incurred extensive and significant damage to her Property and has incurred numerous expenses and costs related thereto. Plaintiff has not received insurance policy benefits for such covered losses. Plaintiff has also suffered mental anguish because of such events and the conduct of Defendant. Plaintiff seeks to recover her actual damages which exceed the minimum jurisdictional limits of this court.

Plaintiff also seeks the imposition of all statutory and exemplary damages as allowed by Texas law for the misconduct of Defendant as set forth above.

Plaintiff also had to retain the undersigned counsel to represent her in the prosecution of this lawsuit against Defendant and seeks recovery of all reasonable and necessary attorney's fees incurred herein.

-5-

All of the foregoing losses and damages for which Plaintiff now sues, were proximately caused by the conduct of Defendant.

Based on the foregoing acts and conduct of Defendant, Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00.  The damages sought by Plaintiff are within the jurisdictional limits of the court.

## VII.

## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's recovery and Defendant's liability have been performed or have occurred.

## VIII.

## REQUEST FOR JURY TRIAL

Pursuant to Texas law, Plaintiff respectfully requests a trial by Jury and tenders all fees of the Court for same.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Beatrice Stewart respectfully prays that Defendant be required to appear and answer herein, and upon trial hereof, Plaintiff have and recover judgment against Defendant for:

1.   Plaintiff's actual damages in an amount exceeding the minimum jurisdictional limits of the Court;

2.   Statutory and/or treble damages as allowed by Texas law;

3.   Exemplary damages as allowed by Texas law;

4.   Reasonable and necessary attorney's fees;

5.   Pre-judgement interest at the maximum rate allowed by law;

6.   Post-judgment interest on all sums recovered at the maximum rate allowed by law;

7.   Costs of Court herein expended; and

8.   For such other and further relief, both general and special, legal and equitable, to which

Plaintiff is justly entitled.

Respectfully submitted,

*/s/ Jeffrey L. Doggett*
Jeffrey L. Doggett
State Bar No. 00787376
550 Post Oak Blvd.
Suite 580
Houston, Texas 77027
Tel:  713-961-5505
Fax: 832-201-9504
Email: jd@lawdoggett.com

*ATTORNEY FOR PLAINTIFF*

12/11/2019 9:19 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39151527
By: KATINA WILLIAMS
Filed: 12/11/2019 9:19 AM

CAUSE NO. 2019-78035

| | | |
|---|---|---|
| BEATRICE STEWART, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS, | § | |
| | § | |
| Defendant. | § | 152ND JUDICIAL DISTRICT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE
## COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiff is not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges coverage under the Metropolitan Lloyds Insurance Company of Texas policy is barred by the following policy provisions:

A.

## SECTION I- LOSSES WE COVER

### (SPECIAL PERILS)

\* \* \*

### COVERAGE A- DWELLING AND COVERAGE B -PRIVATE STRUCTURES

**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in **SECTION I – LOSSES WE DO NOT COVER.**

\* \* \*

B.

## SECTION I- LOSSES WE DO NOT COVER

\* \* \*

1.   **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

   D.   **Water damage,** meaning any loss caused by, resulting from, contributed to or aggravated by:

\* \* \*

   3.   water or water-borne material below the surface of the ground, including water which exerts pressure on, or flows, seeps or leaks through any part of a building, sidewalk, foundation, driveway, swimming pool or other structure or water which causes earth movement.

   This exclusion applies whether or not the water damage is caused by or

results from human or animal forces or any act of nature.

However, **we** pay for direct loss that ensues after water damage if caused by fire, theft or explosion and then **we** pay only for the ensuing loss.

\* \* \*

C.

### SECTION I– LOSSES WE DO NOT COVER

\* \* \*

2.    **We** do not insure under any coverage for any loss consisting of one or more of the items below.  However, we pay for any ensuing loss unless the ensuing loss is itself excluded by any other provision in this policy.  Further, **we** do not insure for loss described in Exclusion 1. above and Exclusion 3. below regardless of whether one or more of the items below (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss.  The items are:

\* \* \*

B.    defective, inadequate, faulty or unsound:

.\* \* \*

4.    maintenance;

of any property whether on or off the **residence premises.**    Property includes land, structures or improvements of any kind; and

\* \* \*

D.

### SECTION I– LOSSES WE DO NOT COVER

\* \* \*

3.    **We** do not cover loss or damage to the property described in <u>Coverage A</u> and <u>Coverage B</u> which results directly or indirectly from any of the following:

A.    wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

\* \* \*

**We** pay for any direct loss that follows items A. through I. to property described in Coverages A and B not otherwise excluded or excepted in this policy and then we pay for only the ensuing loss.   If a covered water loss follows, we will pay the cost of tearing out and replacing any part of the

building necessary to repair the plumbing or appliance, but we do not cover loss to the plumbing or appliance from which the water escaped.

* * *

E.

## SECTION I– LOSSES WE DO NOT COVER

* * *

3.    **We** do not cover loss or damage to the property described in <u>Coverage A</u> and <u>Coverage B</u> which results directly or indirectly from any of the following:

* * *

C.    settling, cracking, shrinking, bulging, or expansion of bulkheads, pavements, patios, foundations, footings, supports, walls, floors, roofs, or ceilings.

* * *

**We** pay for any direct loss that follows items A. through I. to property described in Coverages A and B not otherwise excluded or excepted in this policy and then we pay for only the ensuing loss.   If a covered water loss follows, we will pay the cost of tearing out and replacing any part of the building necessary to repair the plumbing or appliance, but we do not cover loss to the plumbing or appliance from which the water escaped.

* * *

F.

## SECTION I– LOSSES WE DO NOT COVER

* * *

3.    **We** do not cover loss or damage to the property described in <u>Coverage A</u> and <u>Coverage B</u> which results directly or indirectly from any of the following:

* * *

E.    birds, vermin, rodents or insects;

* * *

**We** pay for any direct loss that follows items A. through I. to property described in Coverages A and B not otherwise excluded or excepted in this policy and then we pay for only the ensuing loss.   If a covered water loss follows, we will pay the cost of tearing out and replacing any part of the building necessary to repair the plumbing or appliance, but we do not cover loss to the plumbing or appliance from which the water escaped.

* * *

Defendant further alleges the following provision of the Metropolitan Lloyds Insurance

Company of Texas policy does not apply under the facts of this case:

### SECTION I– ADDITIONAL COVERAGES

The deductible will not apply to Section I - Additional Coverages, except where
specified in the Additional Coverage.

\* \* \*

16.   **Collapse.**   We will pay for sudden and accidental direct physical loss to
      covered property involving the entire collapse of a building or any part of a
      building caused only by one or more of the following:

   A.   perils described in **SECTION I– BROAD NAMED PERILS;**

   B.   hidden decay of the structure;

   C.   hidden insect or hidden vermin damage;

   D.   weight of contents, equipment, animals or people;

   E.   weight of ice, snow, sleet or rain which collects on a roof; or

   F.   use of defective material or methods in construction, remodeling or
        renovation if the collapse occurs during the course of the
        construction, remodeling or renovation.

   Loss to an awning, fence, patio, pavement, swimming pool, underground
   pipe, flue, drain, cesspool, septic tank, septic field, foundation, retaining
   wall, bulkhead, pier, wharf or dock is not included under items B., C., D.,
   E., and F. unless the loss is a direct result of the collapse of a building.

   Collapse means an abrupt falling down or caving in of a building or any
   part of a building. Collapse does not include settling, cracking, sagging,
   bowing, bending, leaning, shrinking, bulging or expansion. A building or
   any part of a building that is in danger of falling down or caving in is not
   considered to be in a state of collapse.

\* \* \*

Defendant alleges that all conditions precedent to recovery under the Metropolitan

Lloyds Insurance Company of Texas policy have not occurred.

Pleading further, Plaintiff failed to promptly repair the subject property and based upon

information and belief, has not performed necessary repairs to the property.

Defendant asserts as an affirmative defense that it is incumbent on Plaintiff to segregate her covered damages, if any, due to any covered event from any other pre-existing damages.

As an additional affirmative defense, Defendant asserts that Plaintiff's damages at issue in this lawsuit, if any, are due to intervening, superseding causes wholly unrelated to Defendant and over which Defendant has and exercised no control.

Defendant affirmatively pleads that the damages sought by this lawsuit against it were, in whole or in part, caused by the neglect and/or intent and/or omissions of Plaintiff and/or third person(s) over whom Defendant did not control, had no right of control, and/or no duty over which to exercise control. Plaintiff's and/or these third person(s)' acts and/or omissions were the sole proximate cause, sole producing cause, proximate cause, or a cause of the injuries and damages alleged by Plaintiff and cannot be attributed to Defendant.

For further affirmative defense, Defendant asserts comparative fault.

For further affirmative defense, Defendants assert contributory negligence and proportionate responsibility as a bar to Plaintiff's claims.

By way of additional affirmative defense, Defendant asserts that Plaintiff's damages, if any, were caused by a new and independent cause or causes not reasonably foreseeable by Defendant. This new and independent cause(s) was the immediate and efficient cause of injury, if any, to Plaintiff. The acts or omissions alleged by Plaintiff against Defendant were remote and were not the proximate or producing cause of any of any of Plaintiff's alleged damages.

Defendant affirmatively pleads the fortuity doctrine as a bar to recovery. Plaintiff cannot recover against Defendant for any pre-existing damages and/or damages that were already losses-in-progress.

By way of additional affirmative defense, Defendant asserts that Plaintiff is barred from recovery under the doctrine of concurrent causation.

As an additional defense, Defendant asserts the doctrine of excessive demand. In addition and without waiving the foregoing, Plaintiff's right, if any, to an award of attorney's fees is governed by application of TEX. INS. CODE § 542A.007.

## II. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

[SIGNATURE ON NEXT PAGE]

Respectfully submitted,

STACY | CONDER | ALLEN LLP

By:    Dennis D. Conder
      State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the 11th day of December, 2018, a copy of the foregoing was delivered to Plaintiff's counsel of record pursuant to the Texas Rules of Civil Procedure.

Dennis D. Conder

PAN/PLDG/634831.1/001466.18099